**IN RE H.M., K.M., H.M., A.Y.**

[182 N.C. App. 308 (2007)]

IN THE MATTER OF: H.M., K.M., H.M., A.Y.

No. COA06-948

(Filed 20 March 2007)

**1. Child Abuse and Neglect— neglect and dependency—findings of fact—unable to make credibility determinations—clear, cogent, and convincing evidence required**

The trial court did not err in a juvenile neglect and dependency case by entering finding of fact number 26 showing DSS failed to prove its allegations by clear, cogent, and convincing evidence, because: (1) the trial court received and reviewed the transcript from the 25 May 2005 nonsecure custody hearing into evidence; (2) the trial court noted the mother was unrepresented at that hearing and observed that the transcript showed conflicting testimony during the 25 May 2005 nonsecure hearing; and (3) the trial court was unable to make credibility determinations from the transcript.

**2. Child Abuse and Neglect— neglect and dependency—findings of fact—father pointed gun at mother—clear, cogent, and convincing evidence required**

The trial court did not err in a juvenile neglect and dependency case by entering finding of fact number 28 showing DSS failed to prove its allegations by clear, cogent, and convincing evidence based on the fact that the court was not convinced respondent father pointed a gun at the mother on 18 May 2005, and the gun was locked even if respondent had pointed the gun, because the trial court entered uncontested findings of fact that: (1) the mother stated to the officer that the father had a gun in his possession but did not point it at her; (2) the DA's office voluntarily dismissed all charges against the father; (3) the DA's office could have proceeded without the mother's cooperation but chose not to do so; and (4) the father was not in possession of any firearm when he was arrested.

**3. Child Abuse and Neglect— neglect and dependency—findings of fact—children left voluntarily with father—no evidence of domestic violence or children put in danger—clear, cogent, and convincing evidence required**

The trial court did not err in a juvenile neglect and dependency case by entering finding of fact number 29 showing DSS

failed to prove its allegations by clear, cogent, and convincing evidence, because: (1) DSS presented no evidence tending to show the children did not leave voluntarily with the father; (2) the record and transcripts from the nonsecure and adjudicatory hearing support the trial court's finding that respondent parents engaged in an argument; and (3) no evidence of domestic violence or that the children were put in danger was presented.

4. **Child Abuse and Neglect— neglect and dependency—conclusions of law—failure to prove minor children neglected or dependent—clear, cogent, and convincing evidence required**

The trial court did not err in a juvenile neglect and dependency case by entering conclusion of law number 3 that DSS failed to prove by clear, cogent, and convincing evidence that the minor children were neglected or dependent juveniles, because the trial court entered uncontested findings of fact that: (1) the father possessed a gun, but did not point it at the mother or the children; (2) respondent parents' three oldest children left the residence with the father, but no kidnapping was reported and an Amber Alert was not issued; (3) the DA's office dismissed charges against the father for communicating threats to and assault by pointing a gun at the mother; and (4) respondent was not in possession of a firearm when he was arrested.

5. **Child Abuse and Neglect— neglect and dependency—dismissal of all juvenile petitions**

The trial court did not err by dismissing all the juvenile neglect and dependency petitions at the close of all the evidence at trial, because after the trial court found DSS had failed to prove its allegations, the court was required by N.C.G.S. § 7B-807(a) to dismiss the petitions.

Appeal by petitioner from order entered 2 February 2006 by Judge April Wood in Alexander County District Court. Heard in the Court of Appeals 21 February 2007.

*Thomas R. Young, for petitioner-appellant Alexander County Department of Social Services.*

*Katharine Chester, for respondent mother-appellee.*

*Janet K. Ledbetter, for respondent father-appellee.*

IN RE H.M., K.M., H.M., A.Y.

[182 N.C. App. 308 (2007)]

TYSON, Judge.

Alexander County Department of Social Services ("DSS") appeals from order entered dismissing its juvenile petitions for H.M., K.M., H.M., and A.Y. ("the minor children"). We affirm.

## I. Background

J.M. ("the father") and M.Y. ("the mother") (collectively, "respondent parents") are the parents of the four minor children, ages two through eight. On the evening of 18 May 2005, respondent parents argued in the presence of their four children at their home. The mother held the youngest of the four children in her arms during the argument.

After the argument, the father's brother contacted the Alexander County Sheriff's Department. Officer Larry Ingle ("Officer Ingle") answered the call and drove to respondent parents' home. Officer Ingle testified that upon his arrival, the father had left the home and had taken the three older children with him. One of respondent parents' family members told Officer Ingle that the father also possessed a gun. Officer Ingle did not issue an Amber Alert because the father had not been violent or used the gun when he left with the children. Officer Ingle testified he did not see evidence of any physical assault on the mother.

Officer Ingle and the mother drove to the magistrate's office. The mother obtained warrants charging the father with assault by pointing a gun and communicating threats. Social Worker Melissa Hatten ("Hatten") spoke with the mother at the magistrate's office. Hatten testified that the mother told her that the father had hit her in the leg and taken the children at gunpoint. Hatten drove the mother back to her residence. The mother's sister drove her and the youngest child to Huntersville that evening.

The following day, the father arrived at the mother's sister's house in Huntersville with the three other children. On 20 May 2005, the mother and all the minor children went to a domestic violence shelter as requested by DSS. The mother objected going to the shelter as unnecessary. On 20 May 2005, the father was arrested at his relative's home in Catawba County. On 23 May 2005, the district attorney's office dismissed all charges against the father, due to the mother's refusal to testify. The mother also left the domestic violence shelter that day.

IN RE H.M., K.M., H.M., A.Y.

[182 N.C. App. 308 (2007)]

On 24 May 2005, DSS filed a juvenile petition alleging neglect and dependency for all four minor children. On 24 May 2005, the trial court filed a nonsecure custody order, and the juvenile children were placed in custody with DSS. On 2 February 2006, the trial court filed an adjudication order and concluded DSS "failed to prove by clear and convincing evidence that the minor children are neglected or dependent juveniles[.]" The trial court dismissed DSS's juvenile petitions. DSS appeals.

## II. Issues

DSS argues it supported its allegations in the juvenile petitions for the minor children by clear, cogent, and convincing evidence, and the trial court erred when it: (1) entered finding of fact numbered 26; (2) entered finding of fact numbered 28; (3) entered finding of fact numbered 29; (4) entered conclusion of law numbered 3; and (5) dismissed all the juvenile petitions at the close of all the evidence at trial.

## III. Standard of Review

"In North Carolina, juvenile abuse, neglect, and dependency actions are governed by Chapter 7B of the General Statutes, commonly known as the Juvenile Code." *In re A.K.*, 360 N.C. 449, 454, 628 S.E.2d 753, 756 (2006). "Such cases are typically initiated when the local department of social services (DSS) receives a report indicating a child may be in need of protective services." *Id.* "DSS conducts an investigation, and if the allegations in the report are substantiated, it files a petition in district court alleging abuse, dependency, or neglect." *Id.* at 454, 628 S.E.2d at 756-57.

"The first stage in such proceedings is the adjudicatory hearing." *Id.*; N.C. Gen. Stat. § 7B-807 (2005). "If DSS presents clear and convincing evidence of the allegations in the petition, the trial court will adjudicate the child as an abused, neglected, or dependent juvenile." *Id.* at 454-55, 628 S.E.2d at 756 (citing N.C. Gen. Stat. § 7B-807). "If the allegations in the petition are not proven, the trial court will dismiss the petition with prejudice and, if the juvenile is in DSS custody, returns the juvenile to the parents." *Id.*

"During the adjudicatory phase, the court takes evidence, makes findings of fact, and determines the existence or nonexistence of grounds for termination." *In re R.T.W.*, 359 N.C. 539, 548, 614 S.E.2d 489, 495 (2005) (citing N.C. Gen. Stat. § 7B-1109(e)). "The burden of proof is on DSS in this phase, and the court's findings must be 'based

on clear, cogent, and convincing evidence.' " *Id.* (citing N.C. Gen. Stat. § 7B-1109(f)).

## IV.  Finding of Fact Numbered 26

[1] DSS argues it supported its allegations by clear, cogent, and convincing evidence and the trial court erred when it entered finding of fact numbered 26. We disagree.

At the adjudicatory hearing, DSS offered into evidence the transcript of the 25 May 2005 non-secure hearing. Counsel for the father and the mother stated in court that the mother was not represented by an attorney at the non-secure hearing. The trial court stated she had:

> trouble with the fact that the respondent mother wasn't represented by counsel and I have trouble as to—if she made statements that clearly wouldn't have been admissible and didn't have the benefit of counsel to object and to put her on the right track, I have great trouble with that. But even if we put them on the stand now, the transcript would be admissible for purposes of impeachment.

The trial court admitted the transcript into evidence as an admission of a party-opponent. N.C. Gen. Stat. § 8C-1, Rule 801(d) (2005).

Finding of fact numbered 26 states:

> 26. The Court received into evidence a transcript of the non-secure hearing of May 25, 2005, which included testimony from the Respondent father and Respondent mother. The court specifically notes that the Respondent mother was not represented by counsel at said hearing. The Respondent parents gave conflicting and confusing testimony throughout said hearing. This Court was not able to observe the demeanor, expressions, or actions of the Respondent throughout their testimony making it difficult for this Court to determine which portions of the testimony should be considered credible and what weight should be given to the evidence presented.

Finding of fact numbered 26 is supported by competent evidence. The trial court received and reviewed the transcript from the 25 May 2005 non-secure custody hearing into evidence. The trial court noted the mother was unrepresented at that hearing. The transcript also showed conflicting testimony during the 25 May 2005 non-secure hearing. The trial court was unable to make credibility determina-

IN RE H.M., K.M., H.M., A.Y.

[182 N.C. App. 308 (2007)]

tions from the transcript. DSS failed to carry its burden of proof with clear, cogent, and convincing evidence to substantiate the allegations in its petition. This assignment of error is overruled.

## V. Finding of Fact Numbered 28

**[2]** DSS argues it supported its allegations by clear, cogent, and convincing evidence and the trial court erred when it entered finding of fact numbered 28. We disagree.

Finding of fact numbered 28 states:

> 28. The Court is not convinced that the Respondent father pointed a gun at the mother on May 18, 2005. If the Respondent father pointed the gun at the Respondent mother on May 18, 2005, it was locked at the time.

We have reviewed the transcripts from both the non-secure custody hearing and the adjudicatory hearing and hold the trial court's finding was supported by competent evidence that DSS failed to prove its allegations. by clear, cogent, and convincing evidence. The trial court entered uncontested findings. of fact that: (1) the mother stated to Officer Ingle that the father had a gun in his possession but did not point it at her; (2) the district attorney's office voluntarily dismissed all charges against the father; (3) the district attorney's office could have proceeded without the mother's cooperation but chose not to do so; and (4) the father was not in possession of any firearm when he was arrested. Finding of fact numbered 28 is supported by uncontested evidence that DSS failed to prove its allegations by clear, cogent, and convincing evidence. This assignment of error is overruled.

## VI. Finding of Fact Numbered 29

**[3]** DSS argues it supported its allegations by clear, cogent, and convincing evidence and the trial court erred when it entered finding of fact numbered 29. We disagree.

Finding of fact numbered 29 states:

> 29. There is *ample evidence* that the children left voluntarily with the Respondent father, that they were not coerced or taken by force on May 18, 2005. The Respondent parents did engage in an argument, but there is *no clear evidence* of domestic violence or that the children were put in danger.

(Emphasis supplied).

At the non-secure hearing, the father testified as follows:

> I got up and I said, "A, let's go." And then A came running and then the other daughter got up trying to follow me too, so I picked up her and H came running, put on her shoes, and we all just went to my car and I took off.

The trial court entered an uncontested finding of fact that the mother told Officer Ingle that the father "left the residence with the parties' three older children." Upon review of the record, DSS presented no evidence tending to show the children did not leave voluntarily with the father. The record and transcripts from the non-secure and adjudicatory hearing support the trial court's finding that respondent parents engaged in an argument. No evidence of domestic violence or that the children were put in danger was presented. The trial court's finding of fact numbered 29 that DSS failed to prove its allegations by clear, cogent, and convincing evidence is supported by competent evidence. This assignment of error is overruled.

## VII.  Conclusion of Law Numbered 3

**[4]** DSS argues the trial court erred when it entered conclusion of law numbered 3 because it was not supported by clear, cogent, and convincing evidence. We disagree.

Conclusion of law numbered 3 states:

> 3. Although the behavior of the respondent father on May 18, 2005 was inappropriate, the *petitioner has failed to prove by clear and convincing evidence* that the minor children are neglected or dependent juveniles, and therefore the petitions should be dismissed.

(Emphasis supplied).

Under N.C. Gen. Stat. § 7B-101(15) (2005), a neglected juvenile is defined as:

> A juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare; or who has been placed for care or adoption in violation of law. In determining whether a juvenile is a neglected juvenile, it is relevant whether that juvenile lives in a home where another

juvenile has died as a result of suspected abuse or neglect or lives in a home where another juvenile has been subjected to abuse or neglect by an adult who regularly lives in the home.

Under N.C. Gen. Stat. §7B-101(9) (2005), a dependant juvenile is defined as:

A juvenile in need of assistance or placement because the juvenile has no parent, guardian, or custodian responsible for the juvenile's care or supervision or whose parent, guardian, or custodian is unable to provide for the care or supervision and lacks an appropriate alternative child care arrangement.

As stated above, "the court takes evidence, makes findings of fact, and determines the existence or nonexistence of grounds for termination." *In re R.T.W.*, 359 N.C. at 548, 614 S.E.2d at 495. "The burden of proof is on DSS in this phase, and the court's findings must be 'based on clear, cogent, and convincing evidence.' " *Id.*

The trial court entered uncontested findings of fact that: (1) the father possessed a gun, but did not point it at the mother or the children; (2) respondent parents' three oldest children left the residence with the father, but no kidnapping was reported, and an Amber Alert was not issued; (3) the district attorney's office dismissed charges against the father for communicating threats to and assault by pointing a gun at the mother; and, (4) respondent was not in possession of a firearm when he was arrested. DSS failed to prove the minor children were either neglected or dependent. The trial court properly found DSS failed to prove its allegations by clear, cogent, and convincing evidence and the minor children were neither neglected nor dependent. DSS' assignment of error is overruled.

## VIII. Dismissal of Juvenile Petitions

[5] DSS argues the trial court erred when it dismissed all the Juvenile Petitions at the close of all the evidence at trial. We disagree.

N.C. Gen. Stat. § 7B-807(a) states, "If the court finds that the *allegations have not been proven*, the court shall dismiss the petition with prejudice . . . ." (Emphasis supplied). The trial court entered the following order: "1. That the petitions in these matters alleging neglect and dependency are dismissed." After the trial court found DSS had failed to prove its allegations, the court was required by statute to dismiss the petitions. N.C. Gen. Stat. § 7B-807(a). This assignment of error is overruled.

IX. Conclusion

DSS did not satisfy their burden of proving the allegations in the petitions by clear, cogent, and convincing evidence. The trial court did not err when it entered findings of fact numbered 26, 28, and 29. The trial court did not err when it entered conclusion of law numbered 3. DSS failed to prove its allegations by clear and convincing evidence. The trial court properly dismissed DSS' juvenile petitions. The trial court's order is affirmed.

Affirm.

Judges ELMORE and GEER concur.